UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-8996-DMG (SSx)** | Date | December 15, 2017 |
|---|---|---|---|

| Title | ***Joseff-Hollywood Corporation v. Michele Bastin*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION [5]**

Before the Court is Plaintiff's *Ex Parte* Application for a Temporary Restraining Order ("TRO") and an Order to Show Cause Why Preliminary Injunctive Relief Should Not Be Granted. [Doc. # 5.] Specifically, Plaintiff seeks an order that would enjoin Defendant from using Plaintiff's name or trademark in any manner. *See Ex Parte* App. at 33–34.

Federal Rule of Civil Procedure 65 governs the issuance of TROs and preliminary injunctions, and courts apply the same standard to both. *See Credit Bureau Connection, Inc. v. Pardini*, 726 F. Supp. 2d 1107, 1114 (E.D. Cal. 2010) (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Plaintiffs seeking injunctive relief must show that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). An injunction is also appropriate when a plaintiff raises "serious questions going to the merits," demonstrates that "the balance of hardships tips sharply in the plaintiff's favor," and "shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). The failure to show likelihood of irreparable harm dispenses with the need for the Court to further analyze the other factors. *See id.*

First, contrary to the requirements of Local Rule 7-19.1, Plaintiff has not, and does not intend to, provide Defendant with proper notice of its *Ex Parte* Application prior to the issuance of the requested TRO. Although Plaintiff has attempted to excuse this defect by asserting that Defendant *could* transfer the domain name of the website in question to another registrar or registrant if Defendant is given prior notice of this *Ex Parte* Application, *see Ex Parte* App. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8996-DMG (SSx)** | Date | December 15, 2017 |
| Title | *Joseff-Hollywood Corporation v. Michele Bastin* | Page | 2 of 2 |

26–27, Plaintiff points to no evidence "*clearly show[ing]* that immediate and irreparable injury, loss, or damage will result" if Defendant is given an opportunity to be heard on the *Ex Parte* Application. *See* Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).

Second, Plaintiff has failed to show that it will likely suffer irreparable harm if a TRO and/or an order to show cause are not issued. Plaintiff's only argument in this regard is that irreparable injury is presumed if it can show a likelihood of success on the merits of its intellectual property claims. *See Ex Parte* App. at 12–13. The Ninth Circuit has unequivocally rejected that proposition. *See Herb Reed Enters., LLC v. Florida Entm't*, 736 F.3d 1239, 1250 (9th Cir. 2013) (quoting *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987)) ("Gone are the days when '[o]nce the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.'"). Moreover, Plaintiff acknowledges that Defendant registered the domain name of the website at issue on March 8, 2017, *see Ex Parte* App. at 9, yet Plaintiff neither explains why it delayed so long in seeking injunctive relief nor provides evidence to show that it has suffered irreparable harm during the last nine months.

In light of the foregoing, the Court **DENIES** Plaintiff's *Ex Parte* Application. Because the Court does not believe that further briefing regarding a preliminary injunction is warranted, the Court **DENIES** without prejudice Plaintiff's request that it issue an order to show cause why a preliminary injunction should not issue.

**IT IS SO ORDERED.**